UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-249-FDW

| LARRY BRANDON MOORE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| GEORGE T. SOLOMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint and his Supplemental Complaint, (Doc. Nos. 1, 2), filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending is Plaintiff's Motion for Appointment of Counsel, and Motion for Order for Injunction, (Doc. No. 4). On July 18, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Larry Moore is a North Carolina state court prisoner currently incarcerated at Avery/Mitchell Correctional Center in Spruce Pine, North Carolina. Plaintiff filed this action on July 12, 2016, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) George Solomon, identified as the Director of the North Carolina Department of Public Safety ("NCDPS") at all relevant times; (2) Peck Taylor, identified as the Assistant Superintendent of Custody and Operations at Avery/Mitchell at all relevant times; and (3) Randy Mull, identified as the disciplinary hearing officer who presided over Plaintiff's disciplinary

1

hearing.[1]

Plaintiff alleges that on November 25, 2015, another inmate at Avery/Mitchell physically assaulted and injured Plaintiff. (Doc. No. 1 at 3). Plaintiff alleges that the assault was captured on Avery/Mitchell's video monitoring system. (Id.). On November 30, 2015, Plaintiff was charged with a C04 infraction, to which Plaintiff pled not guilty. Plaintiff alleges that on December 1, 2015, he appeared before Defendant Mull at a disciplinary hearing, during which Defendant Mull stated that "even if [Plaintiff] didn't fight [Plaintiff] was involved in a fight, therefore [Plaintiff] was guilty." (Id.). Plaintiff alleges that Defendant Mull "made no reference to the video footage proving the Plaintiff's innocence." (Id.). Plaintiff alleges that Defendant Mull then "compelled the Plaintiff to fraudulently enter a plea of guilty by inducement." (Id.). Plaintiff alleges that, by pleading guilty, he waived any right to appeal the hearing. (Id. at 3-4). Plaintiff alleges that he filed an administrative grievance against Defendant Mull on April 17, 2016. (Id. at 4). Plaintiff alleges that on April 18, 2016, he received a screening response, stating that his grievance was denied. (Id.).

Based on the above allegations, Plaintiff alleges that Defendant Mull "violated his right to meaningful due process pursuant to Articles 6 and 10 of the Universal Declaration of Human Rights, Amendments 5 and 14 of the U.S. Constitution, and Article 1, Section 19 of the North Carolina Constitution." (Id. at 7). Plaintiff claims that Defendant Mull also "violated his human rights pursuant to Articles 1, 2, 5 and 18 of the Universal Declaration of Human Rights." As to Defendants Solomon and Taylor, Plaintiff alleges that Defendant Taylor was the "authorizing agent" for a correspondence letter sent to Plaintiff following Plaintiff's filing of a grievance

---

[1] Plaintiff named Defendant Mull as the sole Defendant in his initial Complaint, but he supplemented the Complaint on the same day to add Taylor and Solomon as Defendants.

related to the disciplinary proceeding. (Doc. No. at 1). Plaintiff alleges that Defendant Taylor "committed actual fraud" by "[c]laiming that 'video footage only shows [Plaintiff] and [the other inmate] in a fight,'" by "implying a false distinction between a 'fight or . . . mutual physical confrontation' and assault," by "claiming that the Plaintiff was 'given the opportunity to appeal (the ) disciplinary (action), and by "claiming that the Plaintiff did appeal the disciplinary action," by "[c]laiming that the Plaintiff '(was) afforded every opportunity to state (his) case . . . and also appeal"; and by "[i]mplying that the Plaintiff did not 'use and follow' the 410 grievance procedure to the Plaintiff's legal prejudice." (Id. at 2). As to Defendant Solomon, Plaintiff alleges that, as NCDPS Director, Solomon "is legally responsible for the overall operation of the D.A.C." and he "was provided with a handwritten copy (by mail) of the grievance and remedy terms of exhibit B by the Plaintiff." (Id. at 1-2). For relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages.

II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

3

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass.

4

Correctional Institute v. Hill, 472 U.S. 445, 455 (1985).  Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact.  See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980).  The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious.  See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990).  As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Here, the Court first finds that, to the extent that Plaintiff is challenging the disciplinary proceedings against him, Plaintiff has not shown a due process violation under Wolff, as he has neither alleged that he lost good-time credits or that he was subjected to solitary confinement as a result of the disciplinary proceeding and resulting conviction against him.  Furthermore, although it is clear that Plaintiff takes issue with the outcome of the disciplinary hearing, he admits and alleges that he was afforded a full disciplinary hearing.  Plaintiff has simply not stated a claim for a due process violation arising out of the disciplinary proceedings against him.

The Court further finds that, as to Plaintiff's claim of a violation of the Universal Declaration of Human Rights, the Declaration of Human Rights does not create a private right of action.  See Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (noting that "the Declaration does not of its own force impose obligations as a matter of international law"); Minford v. Berks Cnty. Inc., 14-MC-224, 2014 WL 6969600, at *4 (E.D. Pa. Dec. 9, 2014) ("[T]he Universal Declaration of Human Rights as adopted by the United Nations is a 'non-binding declaration that provides no private rights of action.'").  Finally, to the extent that Plaintiff also purports to bring a state law "fraud" claim against Defendants Taylor and Solomon, the Court declines to exercise supplemental jurisdiction over this state law claim.  See 28 U.S.C. § 1367.

5

In sum, for the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.[2]

### IV. CONCLUSION

For the reasons stated herein, this action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is dismissed.

2. The Clerk shall terminate this action.

3. Plaintiff's Motion for Appointment of Counsel, and Motion for Order for Injunction, (Doc. No. 4), is **DENIED** as moot.

Frank D. Whitney
Chief United States District Judge

---

[2] To the extent that a finding in Plaintiff's favor in this action would invalidate the outcome of his underlying disciplinary hearing, his claims also appear to be subject to dismissal as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the Supreme Court held that a plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. In Edwards, the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions, holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits.